IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| GIANT BRANDS, INC. and GIANT OF MARYLAND LLC<br><br>Plaintiffs,<br>v.<br><br>GIANT EAGLE, INC., and PHOENIX INTANGIBLES HOLDING CO.<br><br>Defendants. | Civil Action No. AW-02-320 |

## OPINION AND ORDER

This case arises out of a trademark dispute between Plaintiffs Giant Brands, Inc. and Giant of Maryland LLC (collectively "Giant Food") and Defendants Giant Eagle, Inc. and Phoenix Intangibles Holding Co. (collectively "Giant Eagle"). Pending before the Court are Plaintiff's Motions for Temporary Restraining Order [5-1] and Preliminary Injunction [5-2]. Upon review of the pleadings and in consideration of the telephone conference call held this morning between the Court and the parties, I will deny Plaintiff's motion for a temporary restraining order and will reserve judgment on the motion for a preliminary injunction.

Plaintiffs and Defendants are in the retail grocery business and each have had registered trademarks for their respective business for many years. Plaintiffs operate retail grocery stores and merchandising services under GIANT Trademarks in Maryland, Virginia, and the District of Columbia. Defendants operate grocery stores under GIANT EAGLE Trademarks in Pennsylvania, Ohio, and West Virginia. Defendants have recently purchased a chain of County Market supermarkets and plan to use the GIANT EAGLE Trademarks in the new stores, four of which are located in Maryland. Plaintiffs believe that Defendants' use of the GIANT EAGLE Trademark in



Maryland will confuse and deceive consumers and thereby irreparably harm their exclusive right to GIANT Trademarks in its Maryland territories.

The Court has weighed the parties' arguments in light of *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfrg. Co., Inc.*, 550 F.2d 189 (4th Cir. 1977), and has determined that a temporary restraining order is inappropriate. As noted in *Blackwelder Furniture*, in determining whether to issue a temporary restraining order, district courts employ the balance of hardships test to evaluate the "'likelihood' of irreparable harm to the plaintiff against the 'likelihood' of harm to the defendant." *Id.* at 195. In addition, the district court may also consider factors such as likelihood of the plaintiff's success on the merits and whether granting the request is in the public interest. *Id.* at 196 (citing *Airport Comm. of Forsyth Co., N.C. v. CAB*, 296 F.2d 95, 96 (4th Cir. 1961)).

The Court believes that Plaintiffs are unlikely to suffer irreparable harm in the absence of a temporary restraining order. Beginning February 11, 2002, Defendants will be operating only four stores in Maryland under the GIANT EAGLE Trademarks. Meanwhile, Plaintiffs operate over a hundred retail grocery stores in Maryland, which constitute fifty percent of the state's market. On the other hand, harm to Defendants is large. If a temporary restraining order is granted, Giant Eagle will be unable to operate its Maryland stores at all and will forgo all business during the time the restraining order is in place. Because the scales tip strongly in favor of Defendant Giant Eagle, the Court is compelled to deny motion for temporary restraining order. The Court will thus reserve on addressing the questions of likelihood of success on the merits as well as the import to public interest.

For the foregoing reasons, IT IS this 1st day of February, 2002, in the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion for Temporary Restraining Order [5-1] BE, and the same hereby IS, DENIED;

2

2.  That the parties appear before this Court on February 26, 2002, at 9:30 a.m. for a hearing as to the Plaintiff's Motion for Preliminary Injunction [5-2]; and

3.  That the Clerk of the Court mail copies of this Opinion and Order to all counsel of record.

_____
Alexander Williams, Jr.
United States District Judge